### ROGERS *v.* CITY OF BUFFALO *et al.*

(*Supreme Court, Special Term, Erie County.* July 31, 1888.)

OFFICE AND OFFICER—APPOINTMENT—CIVIL SERVICE LAWS—STREET INSPECTORS.
 Under Buffalo City Charter, tit. 2, § 50, authorizing the street commissioner to appoint health and street inspectors, and naming such inspectors as city officers, a.

street inspector is within the New York civil service laws, and an injunction to restrain payment for his services will be continued until the trial of the action therefor.[1]

On motion to continue injunction.

Action by Sherman S. Rogers, as a citizen and tax-payer of the city of Buffalo, against the mayor and common council of the city, to enjoin payment for the services of one Diebold, a street inspector under a temporary appointment by the street commissioner.

*Almy & Keep* and *Ansley Wilcox,* for plaintiff.  *Wm. F. Sheehan,* for defendant Diebold.

DANIELS, J.   The motion in this case is to continue an injunction until the final hearing and decision.   This injunction restrains the defendants from paying the defendant Diebold as street and health inspector of the city for services alleged to have been rendered by him as a temporary appointee of the street commissioner.   It was issued under allegations sustained by affidavit that he has been appointed by the street commissioner to act as a health and street inspector in violation of the laws and regulations relating to the civil service of the city; and upon allegation of that matter of fact the action was brought under the authority of chapter 673 of the Laws of 1887, allowing tax-payers to prosecute actions in their names to prevent the misappropriation or misuse of public funds or public property.   The application for the injunction has been resisted in part upon the affirmation that the inspector was not an officer of the city, but was either a laborer, or workman, or the subordinate of an officer for whose errors the superior officer was financially responsible, and accordingly was relieved from the observance of the laws relating to the civil service.   But it is quite apparent from the bond or undertaking the street commissioner is obliged to enter into, that he will not be financially responsible under it for any fault or failure of the inspector.   What section 16 of title 2 of the charter of the city of Buffalo has required is that the street commissioner shall execute and file with the city clerk a bond or undertaking to the city, with sureties, in such sum as shall be fixed by the ordinance, conditioned for the faithful performance of the duties of his office, and for the accounting for and payment to the treasurer of all moneys belonging to the city received by him.   The inspector, as a subordinate, does not appear to be authorized to receive any moneys whatever belonging to the city or intended to pass into the hands of the commissioner.   Neither does the bond, by the language of the statute, include the duties required to be performed or the authority to be exercised by the inspector.   They have not been defined by the charter of the city, and not minutely by the ordinances; but in neither, nor in the duties ordinarily expected from persons employed in this manner, has it been made to appear that the bond of the street commissioner can by any possibility be made liable for the acts or conduct of the inspector in the course of the discharge of his duties.   That the inspector is not a laborer or workman within the designations contained in section 7, c. 354, Laws 1883, seems to be reasonably clear.   And this title of the charter of the city fully sustains this construction, for while by section 50 of title 2 of the charter the street commissioner has been empowered to appoint inspectors of health and streets, that title has also included them among the officers of the city.   The title is devoted to the officers of the city of Buffalo, and no other subject; and by providing for and including health and street inspectors within the title, it was clearly the judgment of the legislature that they would be officers of the city of Buffalo.   And as such, under section 8, c. 354, Laws 1883, and chapter 410, Laws 1884, they are within the rules and regulations of the civil service of the city as they have been prescribed and promulgated under the authority of

[1] See In re Wortman, *ante,* 324.

these laws. And it consequently follows that, as Diebold was not entitled under this authority to be appointed or retained in the service of the street commissioner as a temporary appointee, that this appointment was illegal, and that the authorities of the city have no power or right to appropriate its moneys to the payment of services rendered in pursuance of that illegal appointment. The injunction accordingly must be continued during the pendency of the action, and the costs of the motion allowed to abide the event of trial.